Filed 7/28/23  P. v. Olvera CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080269 |
| v. | (Super.Ct.No. CR28041) |
| DAVID ARENAS OLVERA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

David A. Olvera, Jr., in pro. per.; Stephanie M. Adraktas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant David Arenas Olvera, Jr., appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code[1] former section 1170.95 (now renumbered to section 1172.6).  For the reasons set forth *post*, we affirm.

## STATEMENT OF THE CASE

On November 10, 1987, an information charged defendant with attempted murder under sections 664 and 187 (count 1), and assault with a firearm under section 245, subdivision (a)(2) (counts 2 and 3).  As to count 1, the information also alleged that defendant, with the intent to inflict injury, inflicted great bodily injury under section 12022.7.  As to all counts, the information further alleged that defendant personally used a firearm causing great bodily injury under sections 12022.5 and 1192.7, subdivision (c)(8).

On June 14, 1989, defendant pled guilty to attempted murder (count 1) and assault with a firearm (count 2).[2]  As to both counts, defendant admitted that he used a firearm causing great bodily injury under section 12022.5.  Moreover, defendant admitted that he was armed with a firearm as to the accessory after the fact count.

Thereafter, the trial court sentenced defendant to a total term of 15 years and eight months in prison, as follows:  the upper term of nine years for attempted murder (count 1), one-year consecutive term for assault with a firearm (count 2), and eight months consecutive for accessory after the fact.  The court also ordered a five-year consecutive

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

[2]  On November 9, 1989, defendant pled guilty to accessory after the fact under section 32 in another case, case No. CR28662 (consolidated case, different victim).

2

term under section 12022.5 for the firearm enhancement as to count 1. The court then stayed the remaining enhancement sentences.

On October 19, 2021, defendant filed a petition to vacate his attempted murder conviction in propria persona. On January 10, 2022, the trial court issued an order to show cause requiring the People to show cause why defendant was not entitled to relief.

On April 22, 2022, the People filed opposition arguing that the preliminary hearing transcripts for this case and the consolidated case established beyond a reasonable doubt that defendant had committed attempted murder with express malice. At the hearing on the petition on May 18, 2022, the trial court denied defendant's petition.

On June 3, 2022, defendant filed a second pro. per. petition for resentencing under section 1170.95. On July 1, 2022, defendant filed a third pro. per. petition for resentencing under the same statute. On September 19, 2022, and October 24, 2022, defendant filed pro. per. requests for rulings on his petitions. On November 18, 2022, the trial court dismissed the petitions on grounds that the petition had been denied on May 18, 2022, when the court ruled on the first petition.

On November 30, 2022, defendant filed a timely notice of appeal.

**STATEMENT OF FACTS**

A.     DEFENDANT'S GUILTY PLEAS[3]

According to the abstract of judgment, defendant pled guilty to (1) attempted murder under sections 664 and 187 (count 1), and assault with a firearm under section 245, subdivision (a)(2) (count 3), on June 14, 1989; and (2) being an accessory to a felony under section 32, on November 9, 1989.  As to counts 1 and 3, defendant also admitted special allegations that he used a firearm under section 12022.5, subdivision (a).

B.     DEFENDANT'S PETITIONS

On October 19, 2021, June 3, 2022, and July 1, 2022, defendant filed petitions for resentencing under section 1172.6.  In the petitions, defendant alleged that the information filed against defendant proceeded under a natural or probable consequences doctrine or other theory under which malice was imputed.  Because of the changes made to sections 188 and 189, he could not now be convicted of attempted murder.

The People filed their opposition to the first petition on April 22, 2022.  In the opposition, the People provided that defendant had personally fired a gun at the victim about five times, and struck the victim on his chest and arm.  Based on the transcripts of the preliminary hearings and on the evidence of other bad acts tending to support a

---

[3] The reporter's transcripts of defendant's guilty plea hearings are not included in the record.  Court reporter Helen Lee (for Susan Schoonover) attested that there are no notes for the June 14, 1989, attempted murder plea hearing because they "are more than ten (10) years old and are no longer available for preparation per Government Code Section 69955(e)."  Helen Lee (for Ethel Brooks) attested the same as to the hearing on November 9, 1989, on the accessory plea.  There is also no record of defendant's written plea agreement.

finding of express malice, the prosecutor argued that the People had met their burden of proof beyond a reasonable doubt.

With the opposition, the People attached the transcripts from the preliminary hearings in this and the consolidated case, and records from other court cases.

### 1. *ATTEMPTED MURDER PRELIMINARY HEARING TRANSCRIPT*

At the preliminary hearing on the attempted murder case, Estanislao Solorio testified. He stated that defendant had been living in Solorio's house. At that time, defendant was dating his younger daughter, Patricia. The day before the charged incident, Lucy, Solorio's older daughter, told defendant that he could no longer stay at their house.

On the morning of August 14, 1987, the day of the attempted murder, Solorio was in bed at his home in Riverside when he heard Lucy "hollering, like a cry" from the front of the house. Armed with a gun, Solorio ran down a hall; he saw Lucy and defendant standing outside. Solorio saw that defendant was pointing a gun at Lucy's head. When Solorio approached, defendant pointed his gun at Solorio and said, " 'Don't you get involved or I'll kill you.' " Solorio asked defendant to put the gun away.

As Solorio retreated into the house, defendant followed him and demanded that Solorio put his hands in the air. After Solorio closed the door behind him, defendant fired five shots through the door, striking Solorio on his chest and arm.

### 2. *CONSOLIDATED CASE PRELIMINARY HEARING*

The consolidated case related to events that occurred prior to the attempted murder incident.

At the preliminary hearing, Officer Sutton testified that on May 10, 1987, he was working in the Casa Blanca area of Riverside when he was dispatched to Evans Street. Just prior to receiving the call, Sutton heard eight gunshots fired. When he got to Evans Street, he saw a person, later identified as Robert Pena, in the driver's side of a vehicle with four gunshot wounds to his head; Pena "was lifeless."

Riverside Police Officer McBride testified that a gun, consistent with the murder weapon that killed Pena, was registered to defendant. Patricia Solorio directed the officers to a lake where defendant had thrown the gun; the gun was recovered.

Patricia testified that defendant had confessed to her that he killed Pena. She accompanied defendant when he disposed of his gun. She was at her house when defendant shot her father on August 14, 1987.

The day before defendant shot Solorio in the underlying case at issue, defendant kicked and punched Patricia. Patricia and Solorio reported the incident to the police.

## C. THE TRIAL COURT'S ORDERS

At a hearing on May 18, 2022, the trial denied defendant's motion to vacate his attempted murder conviction under section 1172.6.

At the hearing on defendant's other two petitions on November 18, 2022, the prosecutor argued that the petitions were the same as the first one defendant filed, which the court had denied. Defense counsel stated: "I confirm with what [the prosecutor] said. I'll submit with a formal objection." Therefore, the trial court dismissed the petitions filed on June 3, 2022, and July 11, 2022. It stated: "At this point in time, the most

6

current petition will be denied, as the issue was previously ruled—it was previously ruled that [defendant] was ineligible for relief; and there, this petition is also denied."

## DISCUSSION

Counsel has filed a brief under the authorities of *People v. Wende* (1979) 25 Cal.3rd 436, *Anders v. California* (1967) 386 U.S. 739, and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). In the brief, pursuant to *Anders v. California* (1967) 386 U.S. 738, appellate counsel has identified the following issue to assist the court in its search of the record for error:

"Did the trial court have jurisdiction to reconsider its prior denial of the section 1172.6 petitions (made on May 18, 2022) where there has been no significant change in the law and where trial counsel had been appointed after the original petition was filed?"

On May 4, 2023, we sent notice to defendant regarding the filing of a *Delgadillo* brief, as follows: "Counsel for appellant has filed a brief stating no arguable issues can be found. Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*People v. Delgadillo* (2022) 14 Ca1.5th 216 . . .; *People v. Serrano* (2012) 211 Ca1.App.4th 496.) The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo*, . . . at p. 165.) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

7

On June 5, 2023, defendant filed a 10-page handwritten supplemental brief. In the brief, defendant appears to challenge whether an accessory to murder under section 32 in his consolidated case, not the underlying case to the appeal, affects his attempted murder conviction: Whether "the definition of accessories . . . is direct aiding & abetting or aiding and abetting natural, and probable consequences doctrine or major participant of the underlying felony and acted with reckless indifference to human life or acted with malice aforethought that imputed express malice based solely on participation in a crime [of attempted murder]." Moreover, defendant contends that he "only used his firearm in self defense to scare" the victim. And that "[t]his incident was a result of the police's attempt to entrap appellant by tainting, planting unreliable testimony by the hearsay witnesses to the murders" in the consolidated case, case No. CR28662. Defendant's arguments regarding the consolidated case, however, do not affect the trial court's denial of his section 1172.6 petition pertaining to the attempted murder of Solorio. The consolidated case involved the murder of Pena, wherein defendant admitted he was armed with a firearm as an accessory to murder.

Nonetheless, we will address whether the court erred in denying defendant's petition. Section 1172.6 limits who may seek resentencing to the following: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder **under the natural and probable consequences doctrine***, or manslaughter may file a petition with the court." (§ 1172.6, subd. (a), italics and boldface added.) Section 1172.6, therefore, only applies to

8

defendants convicted of attempted murder if they were convicted under the natural and probable consequences doctrine.

In this case, at the hearing on the first petition, the trial court noted that it had "reviewed the People's brief in which they attached the exhibits and cite to the reporter's transcripts, specifically with respect to the preliminary hearing testimony." The court also noted that defendant did not file a response to the opposition brief. Defense counsel responded that she would not be filing a response brief. The court then stated: "There are several things that are abundantly clear by the wealth of the evidence that was presented, and that is, *the defendant was the actual shooter in the case and that he did in fact shoot and cause great bodily injury to the victim in this case*." (Italics added.) After further discussion with the People, the court stated: "The Court does find the People have carried their burden of proving beyond a reasonable doubt that the defendant is guilty of attempted murder of the victim, which was his girlfriend's father who intervened, and that he in fact shot several times at the gentleman and struck him with one of the bullets."

Therefore, the uncontroverted evidence showed that defendant was the sole actual shooter in the attempted murder of Solorio, thus establishing his guilt as the actual perpetrator, whose criminal liability was based on his own acts and mental state, not any theory of vicarious liability.

Based on the foregoing, and our independent review of the record, we find that the trial court correctly determined defendant is ineligible for relief under section 1172.6. (*Delgadillo*, *supra*, 12 Cal.5th at p. 233.)

9

## DISPOSITION

The order denying defendant's petition for resentencing under section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER\
Acting P. J.

We concur:

CODRINGTON\
J.

MENETREZ\
J.